**Alexander Orden OLIVAR, Petitioner,**

v.

**U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 90–70592.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 1992.[*]

Decided June 24, 1992.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Charles E. Nichol, San Francisco, Cal., for petitioner.

David V. Bernal, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, D.C., for respondent.

Before: BROWNING, PREGERSON and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Alexander Olivar, a citizen of the Philippines, appeals the decision of the Board of Immigration Appeals ("BIA") not to reopen. his deportation proceedings. An immigration judge found Olivar deportable in June 1986, and the BIA affirmed this determination. In December 1989, Olivar moved the BIA to reopen deportation proceedings on the ground that he had married a United States citizen, who had obtained an immediate relative visa for him. After Olivar filed the motion, however, the INS District Director revoked the visa under the Immigration Marriage Fraud Amendments of 1986, Pub.L. No. 99–639, 100 Stat. 3541 (codified at 8 U.S.C. §§ 1154(h), 1255(e) (1988)). The BIA then refused to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1105a(a), and stay this petition as described below.

Olivar asks us to reverse the BIA's decision not to reopen and to remand the matter so that the INS can reinstate approval of his immediate relative visa petition. Olivar relies on the Immigration Act of 1990, enacted after the BIA decision, in which Congress amended § 245(e) so that it would not apply if the alien establishes by clear and convincing evidence, among other things, that the marriage was entered into in good faith and not for the purpose of procuring entry into the United States. 8 U.S.C. § 1255(e). As Olivar notes, the amendment is fully retroactive. Immigration Act of 1990, Pub.L. No. 101–649, § 702(c), 104 Stat. 4978, 5086.

■ We decline to reverse the BIA's decision not to reopen. When an alien discovers new information after the BIA has finalized deportation proceedings, the proper procedure is for the alien to move the BIA to reopen proceedings, not to petition this Court to compel the BIA to reopen. *Ramirez-Gonzalez v. INS*, 695 F.2d 1208, 1213–14 (9th Cir.1983) (compelling BIA to reopen based on new evidence improperly

abrogates BIA's statutory authorization to exercise discretion whether to reopen) (citing *INS v. Jong Ha Wang*, 450 U.S. 139, 143 n. 5, 101 S.Ct. 1027, 1030 n. 5, 67 L.Ed.2d 123 (1981)). The 1990 amendment to § 245(e) should first be brought to the attention of the BIA so that it can address Olivar's claim under its normal procedures. *See* 8 C.F.R. §§ 3.2, 3.8.

■ This petition is stayed to allow Olivar to file a new motion to reopen with the BIA. If the motion is filed within 60 days of the filing of this disposition, the stay will be continued until June 15, 1993 or until the BIA decides the motion, whichever is sooner. If Olivar does not file the motion with the BIA within 60 days of receiving this disposition, the petition in this Court will be dismissed. Within 14 days of the expiration of the stay, the parties shall file status reports or motions for appropriate relief.[1]

STAYED.

1. To the extent Olivar asks us to review the INS District Director's revocation of the immediate relative visa, we decline to do so. The decision revoking the visa is not a final order of deportation, and thus not reviewable on a petition for review to this court. *See* 8 U.S.C. § 1105a(a); *Dong Yup Lee v. INS*, 407 F.2d 1110, 1112 (9th Cir.1969). Also, even if we were to assume the revocation merged into the BIA's refusal to reopen, it is appropriate for the BIA, not us, first to consider revocation of the visa under the 1990 amendment.