94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sasoun AVETISIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70408.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 1
 Before: HALL, THOMPSON, AND RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Sasoun Avetisian, a citizen of Armenia, petitions for review of a decision of the Board of Immigration Appeals not to reopen his deportation proceedings. We have jurisdiction under 8 U.S.C. § 1105a(a), and stay this petition as described below.
 
 
 4
 The BIA denied Avetisian's motion to reopen because he failed to establish a prima facie case for adjustment of status under 8 U.S.C. § 1255. See INS v. Abudu, 485 U.S. 94, 104 (1988) (BIA can deny motion to reopen if petitioner fails to establish prima facie case for the substantive relief sought). To make a prima facie case for adjustment of status, Avetisian must demonstrate: "(1) that he has applied for an adjustment of status; (2) that he is eligible to receive an immigrant visa and is admissible to the United States; and (3) that an immigrant visa is immediately available to him at the time his application is filed. 8 U.S.C. § 1255." Obitz v. District Director of INS, 623 F.2d 1331, 1332 (9th Cir.1980) (en banc).
 
 
 5
 We reject the government's argument that Avetisian's failure to file an application for adjustment of status with the BIA requires us to deny the petition for review. Avetisian did file an application for adjustment of status with the INS District Office. See 8 C.F.R. § 245.2(a) (alien who believes he meets eligibility requirements of section 245 "shall apply to the district director having jurisdiction over his place of residence").
 
 
 6
 Motions to reopen must be "supported by affidavits or other evidentiary material." 8 C.F.R. § 3.8(a). Rather than submitting a copy of the adjustment of status application, Avetisian simply gave the BIA a copy of his adjustment of status interview notice from the INS.
 
 
 7
 Given the unique circumstances of this case, however, we will stay Avetisian's petition for review to allow him to file a new motion to reopen with the BIA. See Olivar v. INS, 967 F.2d 1381, 1383 (9th Cir.1992); Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985); Alvarez-Ruiz v. INS, 749 F.2d 1314, 1316 (9th Cir.1984). If the new motion is filed within 60 days of the filing of this disposition, the stay will be continued until the BIA decides the motion. If Avetisian does not file the motion with the BIA within 60 days of the filing of this disposition, his petition in this Court will be dismissed. Within 14 days of the expiration of the stay, the parties shall file status reports or motions for appropriate relief.
 
 
 8
 STAYED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3