113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sergio SAUCEDO-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70193.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1997.*
Decided May 14, 1997.
 
 Petition for Review of an Order of the Board of Immigration Appeals, No. Aht-jhn-mpn.
 BIA
 AFFIRMED.
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergio Saucedo-Lopez appeals the Board of Immigration Appeals' ("BIA") denial of his application for adjustment of status pursuant to 8 U.S.C. § 1255 and the BIA's refusal to consider his eligibility for discretionary relief from deportation pursuant to 8 U.S.C. § 1182(h).
 
 
 3
 We affirm the BIA decision on both grounds. First, Saucedo-Lopez was ineligible for adjustment of status at the time of his deportation hearing because the District Director had not (and still has not) decided whether to grant him an immigrant visa based on his marriage to a United States citizen. See 8 U.S.C. § 1255(a) (requiring that "an immigrant visa [must be] immediately available to him at the time his application [for adjustment] is filed"). Although he concedes that the immigrant visa was not available to him at the time of his deportation hearing, when he applied for adjustment of status, Saucedo-Lopez seems to raise an estoppel argument that the United States should not be allowed to penalize him for the District Director's delay. In the alternative, Saucedo-Lopez argues that the District Director's delay violated his due process and equal protection rights. We do not have jurisdiction to review the District Director's action or inaction. See Olivar v. INS, 967 F.2d 1381, 1383 n. 1 (9th Cir.1992) (District Director's decision that does not constitute a final order of deportation is not reviewable on a petition for review from BIA decision). Saucedo-Lopez may, however, seek relief in district court on these claims. Tooloee v. INS, 722 F.2d 1434, 1437 (9th Cir.1983).
 
 
 4
 Second, the BIA did not abuse its discretion by refusing to consider whether Saucedo-Lopez was eligible for relief from deportation pursuant to 8 U.S.C. § 1182(h). Saucedo-Lopez argues the merits of his claim for the discretionary relief, but of course neither the BIA nor we may reach the merits because Saucedo-Lopez' ineligibility for adjustment of his status rendered him ineligible for § 1182(h) relief, even if the IJ had been inclined to exercise discretion in his favor.
 
 
 5
 The BIA's decision is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3