114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eduardo Victor BRILLANTES, a.k.a. Eddie Ramirez Pascua,
Eduardo Brillantes, Eduardo Pascua Brillantes, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70082.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.*
Decided May 15, 1997.
 
 Before: WALLACE, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Eduardo Victor Brillantes petitions for review of a decision of the Board of Immigration Appeals (Board). We have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1105a. We deny the petition.
 
 
 2
 The Board held that Brillantes is ineligible for adjustment of status, because the District Director of the Immigration and Naturalization Service revoked his previously approved I-140 immigrant visa petition. Brillantes devotes most of his brief to his contention that the District Director acted improperly in revoking that visa. That decision was not a "final order of deportation," 8 U.S.C. § 1105a(a), and was not "made during a proceeding conducted under section 242(b)" of the Immigration and Nationality Act. Cheng Fan Kwok v. INS, 392 U.S. 206, 216 (1968); see also Olivar v. INS, 967 F.2d 1381, 1383 n. 1 (9th Cir.1992); Ghorbani v. INS, 686 F.2d 784, 789-91 (9th Cir.1982). Therefore, we lack jurisdiction to review it in this proceeding.
 
 
 3
 Because Brillantes did not have a immigrant visa "immediately available to him," 8 U.S.C. § 1255(a), the Board correctly concluded that he was ineligible for adjustment of status. The Board also held that Brillantes would have been ineligible for adjustment on the basis of an employment visa anyway, because he was originally admitted to the United States as an alien fiance of a United States citizen. 8 U.S.C. § 1255(d). We would deny Brillantes's petition on this alternative ground as well. The fact that this issue was not argued before the immigration judge is irrelevant. "The Board is not bound by the immigration judge's conclusions but rather has plenary power to review the record de novo and to make its own independent determinations of law and fact." Matter of Lok, 18 I & N Dec. 101, 106 (BIA1981).
 
 
 4
 Ordinarily, the Fourth Amendment exclusionary rule does not apply in civil deportation proceedings. INS v. Lopez-Mendoza, 468 U.S. 1032, 1050 (1984). Evidence may be excluded in such a hearing only if a Fourth Amendment violation is so egregious as to transgress notions of fundamental fairness. Id. at 1050-51. The record in this case does not disclose such a violation.
 
 
 5
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4