120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kelly VEGA-ZAZUETA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70856.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1997.
Decided July 10, 1997.
 
 1
 Before: FLETCHER and PREGERSON, Circuit Judges, and WEXLER,* District Judge.
 
 
 2
 ORDER**
 
 
 3
 Petitioner Kelly Vega-Zazueta ("Ms.Vega") seeks review before this court of the Board of Immigration Appeals' ("BIA") decision denying her motion to reopen her application for suspension of deportation. Petitioner has resided in the United States for 15 years and has four children who are United States citizens. During these years, she has received little support from her legally residing spouse, who has repeatedly abused and threatened her.
 
 
 4
 Because Ms. Vega has recently filed for suspension of deportation under a provision of the Violence Against Women Act ("VAWA"), 8 U.S.C. § 1254(a)(3) (1996), we stay proceedings before this court until the BIA resolves her application.
 
 I.
 
 5
 Kelly Zazueta came to the United States in 1982, at the age of 16, to visit her aunt. In 1984, she met Jose Vega and married him in 1985. Over the next few years, their first two children were born. Soon after their marriage, Jose became physically abusive. He failed to provide financial support for his wife and their children, and he had affairs with other women. Jose never submitted an immigrant petition for his wife, and often threatened to report her to the Immigration and Naturalization Service ("INS"). He also threatened to take their children away from her. Ms. Vega has lived with friends, and on her own with her children for the past several years. Throughout these years, despite her difficult situation, Ms. Vega has worked at various jobs to help support herself and her children, all of whom suffer from asthma and require constant medical attention.
 
 II.
 
 6
 In July 1992, the INS found Ms. Vega deportable. She was granted until September 29, 1992, to file an application for suspension of deportation;[1] her trial date was set for April 21, 1993. Ms. Vega failed to submit her application by September 29, 1992. On appeal, she explains that she was unable to gather and deliver all of the required documents to her counsel by the deadline because of emotional trauma resulting from her being abused by her husband, lack of spousal support, and a sick child who required constant medical attention prior to the application deadline.
 
 
 7
 Because Ms. Vega missed the deadline, on October 14, 1992, the Immigration Judge ("IJ") ordered her deported and cancelled the April 21,:993 hearing date "as the respondent did not file, as promised, a suspension of deportation application." This order was "published by mail" on October 19, 1992. The next day, Frances Tobin, counsel for Ms. Vega, filed a timely Notice of Appeal to the BIA, followed by a thoroughly documented application for suspension of deportation on November 2, 1992.
 
 
 8
 The BIA denied Ms. Vega's petition to reopen her suspension of deportation proceeding. The BIA decided that because Ms. Vega had not "reasonably explain[ed]" her failure to timely submit her application, this alone was valid grounds for denying her petition to reopen. In denying Ms. Vega's petition to reopen, the BIA did not consider the merits of Ms. Vega's application.
 
 III.
 
 9
 The parties urge us to decide whether the BIA abused its discretion by not considering Ms. Vega's prima facie eligibility for relief under 8 U.S.C. § 1254(a)(1) before finding Ms. Vega's application abandoned. We find it unnecessary to rule on this issue at this time, however, because Ms. Vega's recent application for suspension of deportation under VAWA, 8 U.S.C. § 1254(a)(3), is currently pending before the BIA. VAWA amended the Immigration and Nationality Act to allow an abused non-citizen spouse to gain legal status independent of her abuser through an application for suspension of deportation.[2] Ms. Vega filed a Motion to Reopen and to Stay Deportation based on VAWA with the BIA on March 1, 1996.
 
 
 10
 Because Ms. Vega never had a hearing on the merits of her claim for suspension of deportation due to "extreme hardship," and because of Ms. Vega's likelihood of success for suspension of deportation under VAWA, we hereby stay the proceedings until the BIA resolves Ms. Vega's application under VAWA. See Olivar v. INS, 967 F.2d 1381, 1383 (9th Cir.1992) (staying petition for review pending BIA's disposition of a motion to reopen); Alvarez-Ruiz v. INS, 749 F.2d 1314, 1316 (9th Cir.1984) (ruling on the merits, but staying the mandate for as long as is required for petitioner to submit a motion to reopen and an application for stay).
 
 
 11
 The stay shall remain in effect, and this petition for review is withdrawn from submission, until further order of the court. The parties shill keep the court advised of any change in circumstances. The panel retains jurisdiction of this matter.
 
 
 
 *
 Honorable Leonard D. Wexler, Senior United States District Judge for the Eastern District of New York, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Ms. Vega based her application for suspension of deportation on "extreme hardship." 8 U.S.C. § 1254(a)(1)
 
 
 [2]
 VAWA, passed in September 1994, provides:
 [T]he Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien ... who applies to the Attorney General for suspension of deportation and--
 ................................................................................
 (3) is deportable under any law of the United States except section 1251(a)(1)(G) of this title and the provisions specified in paragraph (2); has been physically present in the United States for a continuous period of not less than 3 years immediately preceding the date of such application; has been battered or subjected to extreme cruelty in the United States by a spouse or parent who is a United States citizen or lawful permanent resident ...;'and proves that during all of such time in the United States the alien was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or the alien's parent or child.
 8 U.S.C. § 1254(a)(3).