**Faizi Mohammad SYED, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 01–71780.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002.*

Decided July 31, 2002.

Before: BROWNING, KOZINSKI, and
BERZON, Circuit Judges.

MEMORANDUM **

Faizi Syed, a native and citizen of Pakistan, petitions pro se for review of the Board of Immigration Appeal's ("BIA") order denying his application for asylum, withholding of deportation, and suspension of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a), as amended by section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Because the BIA's decision incorporated that of the Immigration Judge ("IJ"), we review the IJ's reasoning. *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir. 1996). We review the IJ's factual findings for substantial evidence, *Cordon–Garcia v. I.NS*, 204 F.3d 985, 990 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the Immigration Judge's finding that Syed's testimony regarding his fear of persecution was not credible because Syed's testimony contained numerous material inconsistencies. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001). Accordingly, substantial evidence supports the IJ's finding that Syed was not eligible for asylum. *See Cuadras v. INS*, 910 F.2d 567, 571–72 (9th Cir.1990). Because Syed did not meet the standard for asylum, he cannot satisfy the more stringent standard for withholding of deportation, and the IJ did not err in not explicitly addressing this claim. *See Valderrama*, 260 F.3d at 1085.

Substantial evidence also supports the IJ's conclusion that Syed is not eligible for suspension of deportation because Syed failed to satisfy the continuous physical presence requirement. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001).

Syed's due process rights were not violated. The BIA may adopt the IJ's decision. *Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995). There is no indication in the record that the IJ was biased against Syed.

Because Syed has not raised the issue of his eligibility for relief based on his marriage to a United States citizen before the BIA, we lack jurisdiction to consider this claim. *Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999). To present this claim, Syed must file a motion to reopen with the BIA. *Khourassany v. INS*, 208 F.3d 1096, 1098 (9th Cir.2000). We stay the mandate for a period of ninety days to allow Syed the opportunity to file a motion to reopen with the BIA for an adjustment of status based on his marriage to a United States citizen. *See Ortiz*, 179 F.3d at 1156; *Oli-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*var v. INS*, 967 F.2d 1381, 1383 (9th Cir. 1992).

**PETITION FOR REVIEW DENIED. MANDATE STAYED for 90 days.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.