UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UWADI UCHEOMA MPAMUGO,

*Petitioner,*

v.

U.S. IMMIGRATION & NATURALIZATION SERVICE,

*Respondent.*

No. 02-1781

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-720-635)

Submitted: December 2, 2002

Decided: December 19, 2002

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

## COUNSEL

Lloyd F. Ukwu, Washington, D.C., for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Emily Anne Radford, Assistant Director, Joshua E. Braunstein, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Uwadi Ucheoma Mpamugo has filed a petition for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal from the immigration judge's finding of deportability and denying his application for adjustment of status. For the reasons discussed below, we deny the petition for review.

Mpamugo first argues that the Immigration and Naturalization Service ("INS") failed to charge him with an offense in violation of the Immigration and Nationality Act ("INA"). This claim is based on his erroneous belief that the current version of INA § 241(a)(1)(B) is codified at 8 U.S.C. § 1231(a)(1)(B) (2000), a section which does not relate to a ground of deportation. At the time that deportation proceedings were initiated against Mpamugo, however, INA § 241(a)(1)(B) was codified at § 1251(a)(1)(B) and provided that "[a]ny alien who entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or any other law of the United States is deportable." 8 U.S.C. § 1251(a)(1)(B) (1994); *see also Onyeme v. INS*, 146 F.3d 227, 228 n.2 (4th Cir. 1998) (noting recodification of INA § 241(a)(1)(B)). We therefore find that Mpamugo was properly charged pursuant to INA § 241(a)(1)(B).

Next, Mpamugo raises several claims relating to the INS's failure to rule on his wife's pending immediate relative petition. We lack jurisdiction to address these claims. Pursuant to INA § 106(a), as codified in early 1996 at 8 U.S.C. § 1105a(a) (1994), the courts of appeals have exclusive jurisdiction over "all final orders of deportation" made pursuant to deportation hearings. The Supreme Court has held that "the judicial review provisions of § 106(a) embrace only those determinations made during a [deportation] proceeding." *Cheng Fan Kwok v. INS*, 392 U.S. 206, 216 (1968). Because the INS's adju-

dication of the immediate relative petition is separate and distinct from Mpamugo's deportation proceedings, we cannot reach the merits of these claims. *See Hassan v. INS*, 110 F.3d 490, 494 (7th Cir. 1997); *Olivar v. INS*, 967 F.2d 1381, 1383 n.1 (9th Cir. 1992).

Accordingly, we deny Mpamugo's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*