**Veerpal KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73151.**

**Agency No. A75–314–521.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided March 16, 2004.

---

Randhir S. Kang, Law Office of Randhir S. Kang, Fremont, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Emily A. Radford, John C. Cunningham, Michele Y.F. Sarko, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before ALARCÓN, BEEZER, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Veerpal Kaur, a native and citizen of India, seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an Immigration Judge's ("IJ's") denial of her applications for asylum and withholding of removal. Kaur contends that the IJ's adverse credibility finding and decision that she did not meet the eligibility requirements for asylum or withholding or removal are not supported by substantial evidence. Kaur also petitions us to remand her claim to the BIA and IJ to consider new evidence related to adjustment of status and other relief. We hold that the IJ's adverse credibility finding is supported by substantial evidence. Because Kaur has failed to exhaust her administrative remedies, we lack jurisdiction to review her claims related to adjustment of status and other relief or to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

remand the claims for consideration of new evidence. Accordingly, Kaur's due process rights have not been violated. We deny the petition for review.

## I

We review adverse credibility findings under the substantial evidence standard. *He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir.2003). An IJ's credibility findings are given substantial deference by the reviewing court, but the IJ must have a "legitimate articulable basis" to question an applicant's credibility, and must offer a "specific, cogent reason for any stated disbelief." *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002) (internal quotations and citations omitted).

■ Here, the IJ and BIA articulated specific, cogent reasons for doubting Kaur's credibility. Kaur testified that the key event on which her asylum application is based, abuse at the hands of Indian police in the Punjab, took place two days after her arrival in the United States. When given an opportunity to explain this discrepancy and clarify her testimony, Kaur stated that the event took place more than eight months after her arrival in the United States. Kaur eventually admitted that she had tried, but failed, to remember this aspect of her asylum claim. Kaur's inability to testify consistently about the event that lies at the heart of her asylum is substantial evidence supporting the adverse credibility finding. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). Kaur's testimony also demonstrated her unfamiliarity with important aspects of her claim

and contained additional minor discrepancies. Accordingly, Kaur failed to establish eligibility for asylum or withholding of deportation. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001).

## II

■ Kaur urges us to remand her case to the BIA and the IJ to consider her claim for adjustment of status based on an active I–130 Immigrant Relative Petition filed by her husband, apparently a recently naturalized U.S. citizen, and the birth of her two U.S. citizen children. Kaur attaches supporting evidence to this effect. Kaur also claims that she is eligible for a visa under the LIFE Act. We lack jurisdiction to consider these claims.

■ Kaur did not raise the issue of her eligibility for relief based on her marriage to a United States citizen before the BIA. We therefore lack jurisdiction to consider this claim. *Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999). "When an alien discovers new information after the BIA has scheduled deportation proceedings, the proper procedure is for the alien to move the BIA to reopen proceedings, not to petition this court to compel the BIA to reopen." *Id.* (quoting *Olivar v. INS*, 967 F.2d 1381, 1382 (9th Cir.1992)); *see also* 8 U.S.C. § 1252(d)(1) (2000).[1] Kaur never raised the issues of eligibility for a visa under a pending I–130 Immigrant Relative Petition or the LIFE Act in the proceedings before the IJ or BIA, so those issues are not properly before us. *See Id.* Denial

---

1. It appears that the I–130 visa petition Kaur's husband filed on her behalf is still pending. If Kaur's removal order becomes final before her I–130 petition and application for adjustment of status are adjudicated, Kaur may move the BIA to stay her removal and ask the Department of Homeland Security to join in a motion to reopen proceedings for

adjudication of her application for adjustment of status. *See* 8 C.F.R. §§ 1003.2(c) (2000). During oral argument, counsel for the Department of Homeland Security indicated a willingness to cooperate in such relief, assuming Kaur's I–130 visa is not denied before the final removal order is issued.

of Kaur's petition for review, therefore, is not a violation of her right to due process.

We will stay our mandate for a period of 90 days to afford Kaur an opportunity to move the BIA to stay her removal and reopen proceedings to consider whether she qualifies for an adjustment of status. *See Ortiz v. INS,* 179 F.3d 1148, 1152 (9th Cir.1999). The mandate will issue automatically at the end of the 90–day period if the parties do not notify the court otherwise.

**STAYED.**