**Arsen KHANDIKIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Arsen Khandikian, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

**Nos. 04–70224, 04–74103.**

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2007 *.

Filed May 15, 2007.

Arsen Khandikian, Valley Village, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department Of Homeland Security,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

San Francisco, CA, Virginia Lum, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

## MEMORANDUM **

Arsen Khandikian, a native and citizen of Armenia, petitions for (1) review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") decision not to extend his voluntary departure time, petition No. 04–70224, and (2) review of the BIA's final order denying his motion to reopen his deportation proceedings, petition No. 04–74103. The petitions are hereby consolidated for disposition. We dismiss petition No. 04–70224 because we lack jurisdiction to review the claims presented and we deny petition No. 04–74103 because the BIA did not abuse its discretion in denying the motion to reopen.

In the first petition, No. 04–70224, Khandikian raised only the issue of the IJ's denial of his request to extend his time for voluntary departure from six to eleven months in his appeal to the BIA. Therefore, we lack jurisdiction to consider either his ineffective assistance of counsel or his changed country conditions claims because they were not exhausted below. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000). We also lack jurisdiction to review Khandikian's additional claim that we should remand his petition for consideration of his wife's pending I–140 petition. " '[W]hen an alien discovers new information after the BIA has finalized deportation proceedings, the proper procedure is for the alien to move the BIA to reopen proceedings, not to petition this Court to compel the BIA to reopen.' " *See Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999) (quoting *Olivar v. INS*, 967 F.2d 1381, 1382 (9th Cir.1992)).

We review the BIA's denial of a motion to reopen for an abuse of discretion, and reverse only if the panel finds that the BIA "acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005) (citations omitted). The BIA did not abuse its discretion in denying Khandikian's motion.

Khandikian's claim of ineffective assistance of counsel does not support reopening because he failed to demonstrate any evidence of deficient performance leading to the withdrawal of his asylum application. *See id.* at 793–94. During the asylum hearing, Khandikian acknowledged that he agreed with the decision to withdraw his asylum application and that he understood the consequences of doing so.

The BIA also properly dismissed the ineffective assistance of counsel claim as untimely filed. Khandikian offers no explanation for his delay in filing his motion to reopen four years after his hearing before the IJ and at least one year after retaining present counsel, and thus is not entitled to equitable tolling. *See Iturribarria v. INS*, 321 F.3d 889, 897–98 (9th Cir.2003).

Nor did the BIA abuse its discretion in finding that changed country conditions did not excuse Khandikian's disregard of the time and numerical filing requirements for filing a motion to reopen. *See* 8 C.F.R.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

§ 1003.2(c)(3)(ii). Khandikian failed to demonstrate that conditions in Armenia have changed such that he now has a well-founded fear of persecution even though he previously did not have a legitimate claim. *See Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir.2004). The various country reports to which he cites detail human rights abuses in Armenia, but they do not indicate that there are any new developments or that they are targeted at Khandikian himself. *See Kotasz v. INS*, 31 F.3d 847, 851–52 (9th Cir.1994). Nor does Khandikian explain why the country reports to which he cites were not available to him during his hearing before the IJ.

The BIA did not abuse its discretion in refusing to consolidate Khandikian's closed petition with his wife's pending I–140 application. The BIA properly noted that if Khandikian's wife is successful in adjusting her own status, then she is free to file a visa petition on his behalf.

**DISMISSED in part; DENIED in part.**