NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAUL GABRIEL SALES-LOPEZ, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 24-6168 Agency No. A089-948-532 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2026[**]
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Saul Gabriel Sales-Lopez, a native and citizen of Guatemala, petitions for

review of a Board of Immigration Appeals ("BIA") decision denying his motions to

reconsider an order of removal and reopen removal proceedings. We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. The BIA correctly found Sales-Lopez's second motion to reconsider untimely and his second motion to reopen untimely and number-barred. A non-citizen "may file only one motion to reconsider" and "only one motion to reopen," which must be filed within 30 and 90 days of a final removal order, respectively. 8 C.F.R. § 1003.2(b)(2), (c)(2). Sales-Lopez filed his second motion to reconsider and his second motion to reopen in July 2024, over a year after a final removal order was entered in April 2023.

Sales-Lopez has not established eligibility for an exception to the time and number bars. The BIA considered all relevant evidence and correctly found that Sales-Lopez's derivative status and "references to changes in his personal life do not establish an exception to the time and number requirements for reopening." "A petitioner cannot succeed on such a motion [to reopen] that relies *solely* on a change in personal circumstances, without also providing sufficient evidence of related changed country conditions." *Rodriguez v. Garland*, 990 F.3d 1205, 1209 (9th Cir. 2021) (cleaned up). Sales-Lopez neither claimed that country conditions in Guatemala had changed nor presented evidence of such a change.

2. The record does not show that Sales-Lopez's "proceeding was so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (cleaned up). Sales-Lopez

argues that the BIA failed to consider the medical circumstances of his children and his status as a derivative on his wife's asylum application. But the BIA did consider these arguments, and "does not have to write an exegesis on every contention." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (cleaned up).

3. The issuance of a second Notice to Appear ("NTA") and the government's request for Sales-Lopez's wife's A-number do not justify remand. The two events occurred after the BIA issued its decision that is the subject of this petition for review, and "[w]hen an alien discovers new information after the BIA has finalized deportation proceedings, the proper procedure is for the alien to move the BIA to reopen proceedings, not to petition this Court to compel the BIA to reopen." *Olivar v. INS*, 967 F.2d 1381, 1382 (9th Cir. 1992).

At any rate, Sales-Lopez has not met the "heavy burden of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (cleaned up). The second NTA has no bearing on the merits of his prior applications. And the BIA already determined that Sales-Lopez's status as a derivative on his wife's asylum application did not warrant reopening. The government attorney's request for Sales-Lopez's wife's A-number does not contradict that finding.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The stay of removal will dissolve upon issuance of the mandate.

24-6168