**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-1260**

_____

YUN WU,

                                        Petitioner,

        versus

ALBERTO R. GONZALES,

                                        Respondent.

--------------------------

FRIENDS OF FALUN GONG USA; FALUN GONG HUMAN
RIGHTS WORKING GROUP,

                                Amici Supporting Petitioner.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-900-558)

_____

Submitted: September 30, 2005      Decided: November 3, 2005

_____

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Mark Urbanski, LAW OFFICES OF MARK A. URBANSKI, Washington, D.C.,
for Petitioner.  Jason A. Dzubow, Washington, D.C., for Amici
Supporting Petitioner.  Peter D. Keisler, Assistant Attorney
General, M. Jocelyn Lopez Wright, Assistant Director, Larry P.
Cote, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yun Wu ("Wu"), a native and citizen of the People's Republic of China ("PRC"), petitions for review of a Board of Immigration Appeals' ("Board") order denying her motion to reconsider and reopen her removal proceedings. We deny the petition for review.

As a threshold matter, Wu does not challenge the Board's February 9, 2005 decision to deny her motion to reconsider and reopen. Instead, Wu attempts to challenge the Board's September 27, 2004 decision that dismissed her appeal from the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the CAT.

A petitioner has thirty days to file a petition for review. See 8 U.S.C. § 1252(b)(1) (2000). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). The filing of the motion to reconsider does not toll the thirty-day period for seeking review of the underlying order. Id. at 394. Accordingly, because Wu did not file her petition for review within thirty days of the Board's initial decision, this court's review is limited to Wu's motion to reconsider and reopen.[*]

---

[*]Wu fails to explicitly challenge the Board's denial of her motion to reconsider and to reopen. Accordingly, those arguments have been waived and the Board's denial of reopening and reconsideration may be considered unchallenged. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) (citation

A motion to reconsider asserts that the Board made an error in its earlier decision. The immigration regulations provide that a motion to reconsider must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1) (2005); see also Zhao v. United States Dep't of Justice, 265 F.3d 83, 90-91 (2d Cir. 2001) (discussing requirements for motion to reconsider). The burden is on the movant to establish that reconsideration is warranted. INS v. Abudu, 485 U.S. 94, 110 (1988). The decision to grant or deny a motion to reconsider is within the discretion of the Board, and thus this court reviews the Board's decision for abuse of discretion. See 8 C.F.R. § 1003.2(a) (2005). Wu's motion failed to present any argument regarding the impropriety of the Board's September 27, 2004 ruling. See 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."). Thus, the motion was properly denied.

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material."

omitted) (ruling that issues not raised in petitioner's opening brief are abandoned). On this basis alone, Wu's petition can be denied. In any event, for the reasons stated above, Wu's petition also fails on the merits.

- 4 -

8 C.F.R. § 1003.23(b)(3) (2005). "A motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

This court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing Abudu, 485 U.S. at 104-05). In adhering to the degree of deference given to the agency's discretionary review, this court has observed that the decision to deny a motion to reopen "need only be reasoned, not convincing." M.A. v. INS, 899 F.2d 304, 310 (4th Cir. 1990) (internal quotation marks omitted). Because Wu failed to present at least a prima facie case of eligibility for withholding of removal or protection under the CAT, and may not have complied with the regulatory filing requirements (of new, formerly unattainable evidence), the Board did not abuse its discretion when it denied her motion to reopen and reconsider.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>