**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1519**

———————

ALMAZ DEME ABOYE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-905-360)

———————

Submitted: October 31, 2005          Decided: November 21, 2005

———————

Before LUTTIG and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Aragaw Mehari, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Janice K. Redfern, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Almaz Deme Aboye, a native and citizen of Ethiopia, petitions for review of a decision of the Board of Immigration Appeals ("Board") denying her motion to reopen based upon newly discovered evidence. We review a denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.23(b)(3) (2005). A motion to reopen will not be granted unless the alien shows that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1).

We have recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998)

(citing <u>INS v. Abudu</u>, 485 U.S. 94, 104-05 (1988)).  In adhering to the degree of deference given to the agency's discretionary review, we have observed that the decision to deny a motion to reopen "need only be reasoned, not convincing."  <u>M.A.</u>, 899 F.2d at 310 (internal quotation marks omitted).

We find the Board did not abuse its discretion in denying the motion to reopen.  The newly discovered evidence was not sworn and was short on details.  In addition, the letter did not provide the source of the allegedly corroborative information.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

- 3 -