**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1085**

---

DANIEL CHO AWAH SANGARBUWA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A97-198-121)

---

Submitted: October 21, 2005          Decided: December 5, 2005

---

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Paul J.
McNulty, United States Attorney, Anita C. Snyder, Assistant United
States Attorney, Alexandria, Virginia, for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Daniel Cho Awah Sangarbuwa ("Sangarbuwa"), a native and citizen of Cameroon, petitions for review of a Board of Immigration Appeals' ("Board") order denying his motion to reconsider and reopen his removal proceedings. We deny the petition for review.

As a threshold matter, a petitioner has thirty days to file a petition for review. See 8 U.S.C. § 1252(b)(1) (2000). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). The filing of the motion to reconsider does not toll the thirty-day period for seeking review of the underlying order. Id. at 394. Accordingly, because Sangarbuwa did not file his petition for review within thirty days of the Board's initial decision, this court's review is limited to Sangarbuwa's motion to reconsider and reopen.

Moreover, although Sangarbuwa styled his motion as one seeking reopening in addition to reconsideration, the motion failed to meet the standards for a motion to reopen. A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.23(b)(3) (2005). "A motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material

- 2 -

and was not available and could not have been discovered or presented at the former hearing." Id.

This court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)). In adhering to the degree of deference given to the agency's discretionary review, this court has observed that the decision to deny a motion to reopen "need only be reasoned, not convincing." M.A. v. INS, 899 F.2d 304, 310 (4th Cir. 1990) (internal quotation marks omitted).

Sangarbuwa's brief was devoid of any new facts or newly discovered evidence. The request by a petitioner to have the court reevaluate the facts and law previously presented does not constitute a proper motion to reopen. See Cruz-Lopez v. INS, 802 F.2d 1518, 1520-21 (4th Cir. 1986) (holding that an applicant must offer specific facts that he "will more likely than not be singled out for persecution"). A motion to reopen is not a substitute for an appeal and is not to be used as an opportunity to relitigate issues previously considered and rejected by the Board. Because

this is exactly what Sangarbuwa attempted to do, his motion to reopen was properly denied.

Although Sangarbuwa's motion was more properly characterized as a motion to reconsider, here, too, the requirements of the relevant regulations were not met. The regulations provide, among other things, that a motion to reconsider must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1) (2005); see also Zhao v. United States Dep't of Justice, 265 F.3d 83, 90-91 (2d Cir. 2001) (discussing requirements for motion to reconsider). The burden is on the movant to establish that reconsideration is warranted. See Abudu, 485 U.S. at 110. The decision to grant or deny a motion to reconsider is within the discretion of the Board, and thus this court reviews the Board's decision for abuse of discretion. See 8 C.F.R. § 1003.2(a) (2005). Sangarbuwa failed to meet these standards.

Sangarbuwa challenges both the factual basis and the logic underlying the Board's determination. Other than suggesting that any discrepancies were "minor and not material to his case for asylum," however, Sangarbuwa's motion fails to address the immigration judge's carefully articulated concerns. Moreover, the discrepancies noted by the immigration judge went to the heart of the credibility of Sangarbuwa's claim. Sangarbuwa's conflicting

testimony concerning confrontations with Cameroon authorities; his claim that he sought medical treatment at a government hospital while seeking to escape government authorities; his claim that he went into hiding, then resumed normal activities without inviting government interest; the discrepancies as to whether he was released from prison or whether he escaped; and, his own parent's failure to mention his son's detainment--all are considerations that a fact finder might reasonably consider in deciding whether Sangarbuwa's testimony was credible. In addition, Sangarbuwa's attempt to corroborate his story only left more questions unanswered. Where an immigration judge's adverse credibility ruling is challenged on appeal, courts "must find that the evidence not only supports th[e] conclusion [that the applicant is eligible for asylum], but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992) (emphasis in original). Again, Sangarbuwa fails to meet this standard.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED