**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1784**

JEAN MARC NKEN,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-223-548)

Submitted: February 21, 2007          Decided: April 3, 2007

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Kathryn L. Moore, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jean Marc Nken, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). He also seeks review of the denial of his motion to remand. We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if

- 2 -

supported by substantial evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We  conclude that substantial evidence supports both the immigration judge's adverse credibility finding and its ultimate findings that Nken is ineligible for asylum, withholding of removal, and protection under the CAT.  Accordingly, we will not disturb the Board's final order affirming the immigration judge's decision.

We also conclude the Board did not abuse its discretion denying Nken's motion to file a brief out of time.  With respect to the motion to remand, because Nken did not show that a visa was immediately available to him and the Government opposed the motion, we find the Board did not abuse its discretion denying the motion. See 8 U.S.C. § 1255(a) (2000); Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998); Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (B.I.A. 2002).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>