**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1247**

YANG ZHEN QIU, a/k/a Yaog Zhen Qiu, a/k/a You Zhen Qiu,
a/k/a Xiang Qiu, a/k/a Yang Zhen Qui,

                Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: August 21, 2009      Decided: September 9, 2009

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Theodore N. Cox, New York, New York, for Petitioner. Tony West,
Assistant Attorney General, Anh-Thu P. Mai-Windle, Senior
Litigation Counsel, Thomas B. Fatouros, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yang Zhen Qiu, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals denying her motion to reopen. Because we find the Board did not abuse its discretion in denying the motion, we deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2009). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006); see also 8 C.F.R. § 1003.2(c)(3)(ii).

This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2009); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009), petition for cert. filed (June 8, 2009) (No. 08-10795). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor such motions. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). The motion "shall state the new facts that

2

will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2009). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

This court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)). In adhering to the degree of deference given to the Board on discretionary review, this court has observed that a decision to deny a motion to reopen "need only be reasoned, not convincing." M.A., 899 F.2d at 310. This court will reverse a denial of a motion to reopen only if it is "'arbitrary, irrational, or contrary to law.'" Mosere, 552 F.3d at 400 (citing Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002)).

We have considered Qiu's arguments on appeal and conclude the Board did not abuse its discretion in denying her

3

motion to reopen. We note the record does not compel a finding that she made a prima facie showing of a well-founded fear of persecution.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED