**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1795**

RU LIN, a/k/a Lin Ru; SHANG CHENG LIN,

              Petitioners,

         v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: January 22, 2010          Decided: February 16, 2010

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gang Zhou, New York, New York, for Petitioners.  Tony West,
Assistant Attorney General, Susan Houser, Senior Litigation
Counsel, Steven F. Day, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ru Lin ("Lin") and Shang Cheng Lin, wife and husband and natives and citizens of the People's Republic of China, petition for review of an order of the Board of Immigration Appeals ("Board") denying their motion to reopen based on ineffective assistance of counsel and changed country conditions. We deny the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2009). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006); see also 8 C.F.R. § 1003.2(c)(3)(ii). However, a change in personal circumstances, such as the birth of two children, does not excuse the ninety-day limit for seeking reopening. See Wang v. Board of Immigration Appeals, 437 F.3d 270, 273-74 (2d Cir. 2006).

This court reviews the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2009); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir.), cert. denied, 130 S. Ct. 137 (2009).

2

The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2009). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

This court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)). This court will reverse a denial of a motion to reopen only if it is "'arbitrary, irrational, or contrary to law.'" Mosere, 552 F.3d at 400 (quoting Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002)).

We find the Board did not abuse its discretion in finding that the Petitioners failed to introduce material, previously unavailable evidence that showed a change in country conditions arising after their December 2003 hearing before the immigration judge. Moreover, we agree with the Board that the

3

Petitioners failed to show they were prejudiced by their prior counsel's fraudulent conduct.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>