**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1680**

_____

JOSEPHINE FLORENCE OLWANDE; STANLEY J. OMOLO; JEREMY T. OMOLO; BELLA AKINYI OMOLO,

        Petitioners,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: January 7, 2011      Decided: January 26, 2011

_____

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Mary Ann Berlin, Baltimore, Maryland, for Petitioners. Tony West, Assistant Attorney General, Richard M. Evans, Assistant Director, Virginia Lum, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josephine Florence Olwande, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2010), and can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2010). "An applicant who demonstrates that he was the subject

2

of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id. at 187. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Qiao Hua Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony[.]" Tewabe v.

3

Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citation omitted). However, an adverse credibility claim need not be fatal to an asylum application if the applicant can present independent evidence of past persecution. Camara v. Ashcroft, 378 F.3d 361, 369-70 (4th Cir. 2004).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)). When the Board agrees with the immigration judge's findings and reasoning and supplements the immigration judge's opinion, this court will review both orders. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

4

Olwande has abandoned any challenge to the adverse credibility finding because she did not raise a challenge in her brief.  See Ngarurih, 371 F.3d at 189 n.7 (failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).  We conclude that substantial evidence supports the finding that in light of the adverse credibility finding, Olwande's claim of past persecution was not sufficiently corroborated and the record does not compel a different result regarding the denial of asylum or withholding from removal.[*]

Insofar as Olwande challenges the denial of the motion for a continuance, we conclude there was no abuse of discretion.  See Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998) (stating standard of review).  We also conclude that Olwande's claim that the petition must be remanded to adjudicate the children's independent asylum claims is without merit.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Olwande does not challenge the denial of CAT relief.

5