**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-1667**

———————

GOITOM MOGOS-HABTE, a/k/a Goltom Mogos Habte,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  February 20, 2013    Decided:  February 28, 2013

———————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Jason A. Dzubow, DZUBOW, SARAPU & PILCHER, PLLC, Washington, D.C., for Petitioner.  Stuart F. Delery, Principal Deputy Assistant Attorney General, Linda S. Wernery, Assistant Director, Kerry A. Monaco, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Goitom Mogos-Habte, a native and citizen of Eritrea, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision denying his requests for asylum and withholding of removal under the Immigration and Nationality Act ("INA")[*] and denying his motion to remand.

A determination regarding eligibility for asylum or withholding of removal under the INA is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v.

---

[*] The agency granted Mogos-Habte's request for withholding of removal under the Convention Against Torture.

2

INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the agency's finding that Mogos-Habte failed to meet his burden of establishing that his experiences with the Eritrean military constituted either past persecution or a well-founded fear of future persecution on account of a protected ground. We therefore uphold the denial of Mogos-Habte's requests for asylum and withholding of removal under the INA. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

We have also reviewed the denial of Mogos-Habte's motion to remand and find no abuse of discretion. See Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (setting forth standard of review). As found by the Board, Mogos-Habte failed to demonstrate that the evidence he sought to present "was not available and could not have been discovered or presented at the

3

former hearing." 8 C.F.R. § 1003.2(c)(1) (2012). We further reject Mogos-Habte's contention that the Board should have taken administrative notice of his evidence under the "commonly known facts" exception set forth in 8 C.F.R. § 1003.1(d)(3)(iv) (2012).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

4