**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1091**

DIANA ADUTWUMWA, a/k/a Diana Adu Twumwaa,

> Petitioner,

> v.

LORETTA E. LYNCH, Attorney General,

> Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 15, 2016        Decided: January 18, 2017

Before WILKINSON, FLOYD, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Terri J. Scadron, Assistant Director, Corey L. Farrell, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diana Adutwumwa, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her administrative appeal from the immigration judge's (IJ) order denying reopening. We deny the petition for review.

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.23(b) (2016); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." 8 C.F.R. § 1003.23(b)(3). It "will not be granted unless the [IJ] is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id. We will "reverse the denial of such a motion only if the [Board] acted arbitrarily, irrationally, or contrary to law." Prasad v. Holder, 776 F.3d 222, 225 (4th Cir. 2015).

2

We have also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)). Because the Board "issued its own opinion without adopting the IJ's opinion . . . we review that opinion and not the opinion of the IJ." Martinez v. Holder, 740 F.3d 902, 908 (4th Cir. 2014). After considering Adutwumwa's arguments and reviewing the record, we conclude that the Board did not abuse its discretion dismissing her appeal from the IJ's order denying reconsideration.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED