**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-1139**

OLUWOLE C. AKINTUNDE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A74-994-441)

Submitted:  September 25, 2006      Decided:  October 31, 2006

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Irena I. Karpinski, LAW OFFICES OF IRENA I. KARPINSKI, Washington,
D.C., for Petitioner.   Peter D. Keisler, Assistant Attorney
General, M. Jocelyn Lopez Wright, OFFICE OF IMMIGRATION LITIGATION,
Song E. Park, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C.,
for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Oluwole C. Akintunde, a native and citizen of Nigeria, petitions for review of a decision of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's order denying his motion for a continuance and his request for voluntary departure.

The decision to grant or deny a continuance "is within the sound discretion of the immigration judge and is reviewed for abuse of discretion only." Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998). When reviewing the Board's decision upholding an immigration judge's continuance ruling, we will "uphold the [Board]'s decision unless it was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group." Id. (internal citation and quotation marks omitted). Having reviewed the record and finding no such improprieties, we uphold the immigration judge's decision.

Akintunde asserts that the immigration judge abused her discretion in denying his request for a continuance because the denial precluded him from presenting evidence in support of his claims for relief, including voluntary departure and adjustment of status, based on a new relationship that could result in marriage. This argument fails because Akintunde was not seeking "to pursue the previously filed adjustment application for adjustment of

- 2 -

status." See 8 C.F.R. § 245.2(a)(1) (2006). To be eligible for an adjustment of status as an arriving alien who is present in the United States pursuant to the terms of a grant of advance parole, that alien must be returning to this country to pursue the previously filed application for adjustment of status. See 8 C.F.R. § 1245.2(a)(1) (2006). The fact that the immigration judge denied Akintunde the opportunity to pursue a theoretical application for adjustment of status predicated on the possibility that, at some point in the future, he would be married to a United States citizen and that a visa petition would be filed on his behalf was not an abuse of discretion.

In addition, we lack jurisdiction to review any challenge to the grant or denial of voluntary departure. See 8 U.S.C. § 1229c(f) (2000) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . ."); 8 U.S.C. § 1252(a)(2)(B)(I) (2000) ("[N]o court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229c [the section governing voluntary departure]."); see Ngarurih v. Ashcroft, 371 F.3d 182, 193 (4th Cir. 2004) (noting that "[s]ection 1229c specifically precludes review of a denial of a request for voluntary departure. . . . [and] [l]ikewise, the general judicial review provision precludes review of orders granting voluntary departure").

Akintunde claims he was denied due process based on such alleged deprivation. In assessing whether a deportation or asylum hearing has comported with due process, we have held that aliens must be given "an opportunity to be heard at a meaningful time and in a meaningful manner, i.e., [to] receive a full and fair hearing on their claims." Rusu v. INS, 296 F.3d 316, 321-22 (4th Cir. 2002). In order to receive relief on a due process claim, Akintunde must establish that a violation occurred, and show prejudice from the violation. Id. at 320. Prejudice requires that the violation was likely to affect the results of his hearing. Jean v. Gonzales, 435 F.3d 475, 484 (4th Cir. 2006). Because Akintunde failed to make this showing, he is not entitled to relief.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 4 -