**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-2167**

---

MIREILLE ESSONG ENGOULOU,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A98-317-657)

---

Submitted:  June 27, 2007          Decided:  July 26, 2007

---

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville,
Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney
General, James A. Hunolt, Senior Litigation Counsel, J. Max
Weintraub, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for
Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mireille Essong Engoulou, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

Essong Engoulou challenges the Board's finding that her testimony was not credible and that she otherwise failed to meet her burden of proving eligibility for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted), and we uphold credibility determinations if they are supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Essong Engoulou failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, as Essong Engoulou cannot sustain her burden on the asylum claim,

she cannot establish her entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2000)].").

Essong Engoulou also alleges that the Board erred in denying her protection under the Convention Against Torture. To qualify for this protection, a petitioner bears the burden of demonstrating that "it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). Essong Engoulou failed to make such a showing. Finally, we find that the immigration judge did not abuse his discretion in denying Essong Engoulou's request for a continuance. See Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998).

Accordingly, we deny Essong Engoulou's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -