**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1074**

---

VERONIQUE FLORE AMOUZOU,

             Petitioner,

        v.

MICHAEL B. MUKASEY, Attorney General,

             Respondent.

---

**No. 07-1576**

---

VERONIQUE FLORE AMOUZOU,

             Petitioner,

        v.

MICHAEL B. MUKASEY, Attorney General,

             Respondent.

---

**No. 07-1977**

---

VERONIQUE FLORE AMOUZOU,

             Petitioner,

v.

MICHAEL B. MUKASEY, Attorney General,

      Respondent.

---

On Petitions for Review of Orders of the Board of Immigration Appeals.

---

Submitted:  July 16, 2008        Decided:  August 4, 2008

---

Before WILKINSON and NIEMEYER, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Petitions denied by unpublished per curiam opinion.

---

Joseph R. Guerra, Brian E. Nelson, SIDLEY AUSTIN, LLP, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, Stephen J. Flynn, Senior Litigation Counsel, Arthur L. Rabin, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Veronique Flore Amouzou, a native and citizen of Togo, petitions for review of three separate orders of the Board of Immigration Appeals: (1) Case No. 07-1074, adopting and affirming the immigration judge's decision denying her requests for asylum, withholding of removal, and protection under the Convention Against Torture; (2) Case No. 07-1576, denying her motion to reopen; and (3) Case No. 07-1977, denying her motion to reconsider.

In Case No. 07-1074, Amouzou first challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Amouzou fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the denial of Amouzou's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum—even though the facts that must be proved are the same—an applicant who is ineligible for asylum is necessarily ineligible for withholding of

- 3 -

removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Amouzou fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Amouzou failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2008). We find that Amouzou failed to make the requisite showing before the immigration court. Accordingly, we deny the petition for review in Case No. 07-1074.

In Case No. 07-1576, Amouzou contends that the Board abused its discretion in denying her motion to reopen. Based on our review of the record, we find no abuse of discretion in the Board's finding that Amouzou failed to establish that the evidence she sought to introduce was previously unavailable. See 8 C.F.R. § 1003.2(a) (2008) (setting forth standard of review); Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (recognizing the failure to introduce previously unavailable, material evidence as an independent ground on which a motion to reopen may be denied). We therefore deny the petition for review in Case No. 07-1576.

Finally, in Case No. 07-1977, Amouzou claims that the Board abused its discretion in denying her motion to reconsider and

- 4 -

in denying her request for sua sponte reopening.  We find no abuse of discretion in the Board's finding that Amouzou failed to establish an error of fact or law in its prior decision. Additionally, we lack jurisdiction to review Amouzou's claim that the Board should have exercised its sua sponte power to reopen her removal proceedings.  See Lenis v. United States Att'y Gen., 525 F.3d 1291, 1292-93 (11th Cir. 2008) (collecting cases).  We therefore deny the petition for review in Case No. 07-1977.

Accordingly, we deny all three petitions for review as set forth above.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED