**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1717**

ADJO THON,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 23, 2008     Decided: January 27, 2009

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Edward Dosa-Wea Neufville, III, Silver Spring, Maryland, for Petitioner. Gregory G. Katsas, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Jonathan Robbins, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adjo Thon, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals ("Board") denying her motion to remand and dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2008), and can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2008).

2

Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

This court reviews credibility findings for substantial evidence.  A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so.  Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989).  "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony . . . ."  Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted).  This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence.  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).  We find substantial evidence supports the immigration judge's and the Board's adverse credibility findings.

The Board's decision denying Thon's motion to remand is reviewed for abuse of discretion.  Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005).  Remand is available for the purpose of directing the immigration judge to reconsider a prior decision or for the purpose of submitting an application for relief.  Id.  Thon was seeking to remand the proceedings for the purpose of submitting new evidence supporting her claim for asylum.  Thus, her motion to remand is properly viewed as a motion to reopen.  Id.  A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion

4

is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2008). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id. We find the Board did not abuse its discretion. We also find the immigration judge's decision denying the motion for a continuance was not an abuse of discretion. See Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998).

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately discussed in the briefs and argument would not aid the decisional process.

PETITION DENIED

---

[*] Thon does not challenge the denial of relief under the CAT and the Board's decision is not reviewable by this court. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge).