**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1433

HUI CHEN,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 13, 2011       Decided:  January 6, 2012

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gregory Marotta, LAW OFFICE OF RICHARD TARZIA, Belle Mead, New Jersey, for Petitioner.  Tony West, Assistant Attorney General, Alison M. Igoe, Senior Litigation Counsel, Edward J. Duffy, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hui Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision denying his requests for asylum and withholding of removal and denying his motion to remand.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592

F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the agency's finding that Chen failed to meet his burden of establishing a well-founded fear of persecution based on the birth of his United States citizen children. We therefore uphold the denial of Chen's requests for asylum and withholding of removal and deny this portion of the petition for review. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

We have also reviewed the denial of Chen's motion to remand and find no abuse of discretion. See Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (setting forth standard of review). We therefore deny this portion of Chen's petition for review for the reasons stated by the Board. See In re: Chen (B.I.A. Apr. 1, 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3