**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2106**

_____

VICTOR A. FERMAN, a/k/a Victor Alberto Ferman Molina,

        Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: February 11, 2014     Decided: February 20, 2014

_____

Before WILKINSON, KING, and SHEDD, Circuit Judges.

_____

Petition dismissed in part, denied in part by unpublished per curiam opinion.

_____

Victor A. Ferman, Petitioner Pro Se.  Michael Christopher Heyse, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor A. Ferman, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order and denying his motion to remand. Ferman's request for cancellation of removal under 8 U.S.C. § 1229b(b)(1) (2012) was denied because he failed to show that his removal would result in "exceptional and extremely unusual hardship" to his qualifying relatives. We dismiss in part and deny in part the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the section governing cancellation of removal. See Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the BIA to actually deny a petition for cancellation of removal or the other enumerated forms of discretionary relief."). However, this court does have jurisdiction over constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D). Jean v. Gonzales, 435 F.3d 475, 480 (4th Cir. 2006). "[A]n 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment

2

that has been carved out of appellate jurisdiction." Romero-Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir. 2003). Indeed, we have concluded that the issue of hardship is committed to agency discretion and thus is not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001).

Because Ferman does not raise a constitutional claim or a question of law regarding the dismissal of his appeal from the immigration judge's order denying cancellation of removal, we lack jurisdiction and dismiss in part the petition for review.

A motion to remand in order to consider new evidence that is filed while an appeal to the Board is pending is held to the same legal standard as a motion to reopen. See Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998). Such a motion must state the new facts to be proven at a hearing and must be supported by affidavits or other evidentiary material. See 8 C.F.R. § 1003.2(c)(1) (2013). Further, such motion shall not be granted unless the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. Id. The movant must also demonstrate that the new evidence would likely change the result in the case. See Matter of Coelho, 20 I. & N. Dec. 464, 473 (B.I.A. 1992). The Board's denial of a motion to remand and

3

reopen is reviewed for abuse of discretion.  See Hussain v. Gonzales, 477 F.3d 153, 155 (4th Cir. 2007).

We also recognize three independent grounds on which a motion to reopen removal proceedings may be denied:  "(1) the alien has not established a *prima facie* case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief."  Onyeme, 146 F.3d at 234 (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)).  We will reverse the denial of a motion to reopen only if it is "arbitrary, irrational, or contrary to law."  Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009) (internal quotation marks omitted).

We conclude that the Board did not abuse its discretion.  Ferman did not show that the new evidence was previously unavailable.  Nor did he show that the evidence established a prima facie case for cancellation of removal.

Accordingly, we dismiss in part and deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART

4