**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2279**

MINA KHALIL,

        Petitioner,

    v.

JEFFERSON B. SESSIONS III, U.S. Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 24, 2018                     Decided:  May 31, 2018

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Petition dismissed in part, denied in part by unpublished per curiam opinion.

Saher J. Macarius, Audrey Botros, LAW OFFICES OF SAHER J. MACARIUS, LLC, Framingham, Massachusetts, for Petitioner.  Chad A. Readler, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Walter Bocchini, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mina Khalil, a native and citizen of Egypt, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reopen. We dismiss in part and deny in part the petition for review.

To the extent that Khalil uses his brief to challenge findings in the Board's October 12, 2016, order dismissing his appeal from the immigration judge's decision, we dismiss in part the petition for review. The only order currently before us is the Board's October 4, 2017, order denying reopening. We lack jurisdiction to consider the prior order. *See* 8 U.S.C. § 1252(b)(1) (2012) (providing that petition for review must be filed no later than 30 days after date of Board's final order); *Stone v. INS*, 514 U.S. 386, 405 (1995) (noting that this time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms").

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2017); *Wanrong Lin v. Holder*, 771 F.3d 177, 182 (4th Cir. 2014). The Board's "decision is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Wanrong Lin*, 771 F.3d at 182 (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2017). Such a motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id*. The Board's

2

order will be reversed "only if it is arbitrary, irrational, or contrary to law." *Wanrong Lin*, 771 F.3d at 182 (internal quotation marks omitted).

The Supreme Court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a *prima facie* case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." *Onyeme v. INS*, 146 F.3d 227, 234 (4th Cir. 1998) (citing *INS v. Abudu*, 485 U.S. 94, 104-05 (1988)); *see Prasad v. Holder*, 776 F.3d 222, 228 (4th Cir. 2015) (reaffirming that the Board may deny a motion to reopen "solely on the ground that [the alien] has not established prima facie eligibility for" the relief he seeks). We have reviewed the Board's order and the record, and conclude that the Board did not abuse its discretion in denying reopening. Thus, we deny in part the petition for review.

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART;*
*DENIED IN PART*

3